### ALEXANDER BRAMEL *v.* EMMA CUNNINGHAM.

[Kentucky Law Reporter, Vol. 3—512.]

**Infant Appearing by Next Friend.**

An infant plaintiff may prosecute his cause by next friend, and where he becomes of age before the judgment is entered, the defendant having filed his answer and gone to trial without excepting, it is then too late to object that the action was prosecuted by next friend after he arrived at age.

**Instruction.**

A cause will not be reversed on account of an instruction not entirely correct where such an instruction did not prejudice the substantial rights of the appellant.

### APPEAL FROM MASON CIRCUIT COURT.

January 10, 1882.

OPINION BY JUDGE LEWIS:

The verdict of the jury and judgment of the court having been rendered against the defendant in this action for the sum of four hundred dollars, he has appealed to this court and assigned various errors which will be considered in their order.

1. Appellee, Emma Cunningham, being an infant under twenty-one years of age when the action was brought, had the right to sue by her next friend. The defendant having filed his answer and gone to trial without excepting, it is now too late to object that the action was prosecuted by her next friend after she arrived at full age, or that he failed to show his right to sue as required by Civ. Code, § 37.

2. In this case the plaintiff, Emma, testifies positively and distinctly to the truth of the allegations of the petition, and

though the defendant, with equal distinctness and emphasis, testifies to the contrary, and some facts are found tending to contradict her statement and corroborate his, still as the jury are made the triers of the facts and the judges of the credibility of the witnesses, this court is not authorized to set aside the verdict because not able to say it is palpably against the weight of the testimony.

3. Considering the character of the assault alleged to have been committed, the condition and relation of the parties at the time, and the estimate usually and properly put upon female chastity, we are not prepared to say the damages in this case are excessive, appearing to have been given under the influence of passion or prejudice.

4. As appellee, Emma, does not appear to have been a party to, or in any way connected with the difficulty between appellant and her brother, Jacob, we are of the opinion the testimony of appellant in regard to it was properly excluded.

5. We perceive no error in the instructions given by the court at the instance of the plaintiffs, except that the word "wrongfully" is improperly used in the first instruction. But to that appellant can not object because it was prejudicial, not to him but to appellee. The court instructed the jury to find for the plaintiff in case they believed appellant assaulted her in the manner alleged in the petition. To this mode of calling the attention of the jury to the issue made by the pleadings we see no objection. As to the second instruction it was given in the usual and proper language, and did not prejudice the substantial rights of appellant.

Wherefore the judgment is *affirmed*.

*Wadsworth & Son, for appellant.*

*I. C. Campbell, for appellee.*